IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05- |
| | ) | |
| FLEETWOOD CAPITAL | ) | |
| DEVELOPMENT CORP., L.L.C., | ) | COMPLAINT |
| and JOHN R. HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America alleges:

1. This action is brought by the United States to enforce the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619 ("the Act"). The United States brings this action on behalf of Bethesda Lutheran Homes and Services, Douglas Conover, Kenneth DeVries, David Emert, Cynthia Kellogg, and Karen Knoedler, pursuant to 42 U.S.C. § 3612(o).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## THE DEFENDANTS

4. Defendant Fleetwood Capital Development Corporation, L.L.C. ("Fleetwood") is an Illinois limited liability company formed in order to develop and sell the land in the Waterford subdivision located in the Village of Sherman in Sangamon County, Illinois, in the Central District of Illinois. Defendant Fleetwood does business in the Central District of Illinois.

5. At all times relevant to the allegations contained herein, Defendant John R. Howard has been an officer and co-owner of Fleetwood and has been responsible for its business operations, including the sale of lots in the Waterford subdivision. Defendant Howard resides in the Central District of Illinois.

6. The Waterford Subdivision lots sold by Fleetwood are dwellings within the meaning of 42 U.S.C. § 3602(b).

## THE COMPLAINANTS

7. Complainant Bethesda Lutheran Homes and Services ("Bethesda"), is a non-profit corporation based in Wisconsin whose mission includes providing benefits and services to individuals with developmental disabilities. Bethesda is licensed by the State of Illinois to run Community Integrated Living Arrangements ("CILA"s) and it does business in the Central District of Illinois.

8. Complainant Douglas Conover is a resident of Sherman, Illinois, and is a person with a developmental disability. At all times relevant to the allegations contained herein, Mr. Conover resided in a CILA operated by Complainant Bethesda.

9. Complainant Kenneth DeVries is a resident of Sherman, Illinois, and is a person with a developmental disability. At all times relevant to the allegations contained herein, Mr. DeVries resided in a CILA operated by Complainant Bethesda.

10. Complainant David Emert is a resident of Sherman, Illinois, and is a person with a developmental disability. At all times relevant to the allegations contained herein, Mr. Emert resided in a CILA operated by Complainant Bethesda.

11. Complainant Cynthia Kellogg is a resident of Sherman, Illinois, and is a person with a developmental disability. At all times relevant to the allegations contained herein, Ms. Kellogg resided in a CILA operated by Complainant Bethesda.

12. Complainant Karen Knoedler is a resident of Sherman, Illinois, and is a person with a developmental disability. At all times relevant to the allegations contained herein, Ms. Knoedler resided in a CILA operated by Complainant Bethesda.

13. Complainants Douglas Conover, Kenneth DeVries, David Emert, Cynthia Kellogg, and Karen Knoedler are each persons with a "handicap" as defined by 42 U.S.C. § 3602(h).

### DEFENDANTS REFUSE TO SELL A SUBDIVISION LOT TO BETHESDA

14. In and around the fall of 2003, Defendants were engaged in the sale of undeveloped lots located in the first phase, or first addition, of the Waterford Subdivision, in the Village of Sherman, Sangamon County, Illinois. Among the lots Defendants offered for sale in the fall of 2003 was Lot #28, located in the first phase of the subdivision. The asking price for Lot # 28 was $38,500.

15. Beginning on or about December 2, 2003, and continuing through December 16, 2003, Bethesda made three separate cash offers to purchase the lot 28 at Defendants' asking price of $38,500. None of the offers to purchase were contingent on approval by the Village zoning board. The offers to purchase were accompanied by architectural plans for a single family dwelling to be constructed on the lot.

16. Bethesda intended to house six developmentally disabled residents in the dwelling, including complainants Conover, DeVries, Emert, Kellogg, and Knoedler .

17. In correspondence and telephone calls to Defendants and/or their representatives that related to the offers to purchase, Bethesda informed Defendants that they intended to house six developmentally disabled residents in the single family dwelling that they planned to construct on the lot. Bethesda also invited Defendants to tour one of its other group homes for developmental disabilities if they had any questions or concerns.

18. Beginning on or about December 2, 2003, and continuing until at least December 21, 2003, Defendants refused to consider Bethesda's offers or otherwise negotiate with Bethesda with respect to their offers. Defendant Howard made statements to his real estate agent and to at least one other person indicating that he did want to sell the lot to Bethesda because persons with disabilities would live there.

19. Defendants ultimately told Bethesda that they would not consider the offer to purchase until Bethesda obtained zoning approval from the Village. However, Defendants had accepted an offer to purchase a lot from another prospective owner in October 2003 even though the purchaser had not yet obtained necessary zoning approval and even though the offer was contingent on obtaining such approval.

20. Bethesda pointed out to Defendants that their offer to purchase was not contingent on zoning approval, and that under the zoning code only an owner or contract purchaser could apply for a waiver or other action from the zoning board, and they would not be a contract purchaser. Defendants nevertheless continued to refuse to consider Bethesda's offer.

21. Defendants refused to accept, consider, and negotiate the terms of Bethesda's offers to purchase because of the handicaps of the prospective residents.

22. In May 2004, Defendants sold Lot # 28 to a developer of single family homes for $35,000, $3,500 less than the sum offered by Bethesda in December 2003.

23. Bethesda purchased a lot in another subdivision in the Village of Sherman. Complainants Conover, DeVries, Emert, Kellogg, and Knoedler, reside in the single family dwelling Bethesda constructed on the lot.

## THE HUD COMPLAINTS

24. On March 19, 2004, Bethesda filed a verified complaint (Form 903.1) with HUD alleging that Fleetwood and John R. Howard violated the Fair Housing Act by discriminating on the basis of disability in violation of 42 U.S.C. § 3604(f).

25. On December 3, 2004, Conover, DeVries, Emert, Kellogg, and Knoedler, either individually or through their authorized representatives, filed verified complaints (Forms 903) with HUD against Fleetwood and John R. Howard, also alleging violations under 42 U.S.C. § 3604(f).

26. Pursuant to the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD ("the Secretary") conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. §§ 3610(g)(1)-(2), determined that thereat was reasonable cause to believe that discriminatory housing practices had occurred. Accordingly, on September 21, 2005,

HUD issued a Charge of Discrimination, charging Defendants with engaging in discriminatory housing practices on the basis of handicap, in violation of 42 U.S.C. §§ 3604(f)(1) and (2).

27. On October 17, 2005 Respondents Fleetwood and John R. Howard made a timely election to have the claims resolved in federal court, pursuant to 42 U.S.C. § 3612(a).

28. Following the election described in the previous paragraph, on October 24, 2005, the Secretary authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o)(1).

## COUNT I

29. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28, above.

30. Defendants, by the actions alleged above in paragraphs 14-23, have engaged in discriminatory housing practices by:

   a. discriminating in the sale, and otherwise making unavailable and denying, a dwelling to a buyer because of the handicaps of persons intending to reside in the dwelling, in violation of 42 U.S.C. § 3604(f)(1)(B); and

   b. discriminating against persons in the terms, conditions, or privileges of the sale of a dwelling because of the handicaps of persons intending to reside in the dwelling, in violation of 42 U.S.C. § 3604(f)(2)(B).

31. As a result of the actions of Defendants, complainants Bethesda, Conover, DeVries, Emert, Kellogg, and Knoedler have suffered injury and damages and are aggrieved persons within the meaning of 42 U.S.C. § 3602(i).

32. The discriminatory actions of Defendants were intentional, willful, and taken in disregard for the rights of complainants and others.

## COUNT II

33. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28, above.

34. The conduct of Defendants described above constitutes a denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

35. Persons who have suffered injury and damages as a result of Defendants' conduct, including complainants, are aggrieved persons within the meaning of 42 U.S.C. § 3602(i).

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an ORDER that

1. Declares that the discriminatory housing practices of Defendants, as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, et seq.;

2. Enjoins Defendants, their employees, agents, successors, and all other persons in active concert or participation with any of them, from continuing to discriminate on the basis of disability against any person in any aspect of the purchase of a dwelling, pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1) and 3614(d)(1)(A).

3. Awards monetary damages to complainants, and to any other aggrieved persons, pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), and 3614(d)(1)(B).

4. Assesses a civil penalty against each Defendant in an amount authorized by 42 U.S.C. § 3614(d)(1)(C), in order to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

| | |
|---|---|
| JAN PAUL MILLER<br>United States Attorney | ALBERTO R. GONZALEZ<br>Attorney General |
| s/ James A. Lewis<br>_____<br>JAMES A. LEWIS, N.C. Bar No. 5470<br>Assistant U.S. Attorney<br>318 South Sixth Street<br>Springfield, IL 62701<br>Phone: (217) 492-4450<br>Fax:  (217) 492-4888<br>email:  jim.lewis2@usdoj.gov | s/ Wan J. Kim<br>_____<br>WAN J. KIM<br>Assistant Attorney General<br>Civil Rights Division<br><br>s/ Steven H. Rosenbaum<br>_____<br>STEVEN H. ROSENBAUM<br>Chief, Housing and Civil<br>Enforcement Section<br>Civil Rights Division<br><br>s/ Timothy J. Moran<br>_____<br>TIMOTHY J. MORAN<br>Deputy Chief<br>R. TAMAR HAGLER<br>Attorney (Attorney to be Noticed)<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Northwestern Building, 7th floor<br>Washington, DC. 20530<br>Phone:(202) 616-5617<br>Fax: (202) 514-1116 |