## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3290 |
| | ) | |
| FLEETWOOD CAPITAL DEVELOPMENT CORP., L.L.C. and JOHN R. HOWARD, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on a Petition to Intervene (d/e 8) filed by David Emert, Kenneth De Vries by his guardian Michael Barham, Douglas Conover by his guardian Betty Conover, Cynthia Kellogg by her guardian Katherine Dressel, and Karen Knoedler by her guardian Janet Knoedler (collectively, the Intervenors) and a Motion to Strike Portions of the Petition to Intervene (d/e 16) (Motion to Strike) filed by Defendants. The United States filed its Complaint (d/e 1) in the instant case on November 16, 2005, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq. The Government's Complaint was filed pursuant to 42 U.S.C. § 3612(o)(1), after Defendants elected to have claims

asserted against them in an administrative charge decided in a civil action rather than in an administrative proceeding. See 42 U.S.C. § 3612(a). The Intervenors seek to intervene in the action as plaintiffs. Defendants seek to strike portions of the Petition to Intervene. As set forth below, both the Motion to Strike and the Petition to Intervene are allowed.

The Court turns first to the Motion to Strike. Defendants move to strike ¶¶ 2 through 10 of the Petition to Intervene. The Court granted the Intervenors an opportunity to respond to the Motion to Strike. They, however, failed to do so. Thus, the Court assumes that they have no objection, and the Motion to Strike is allowed. The Court orders ¶¶ 2 through 10 of the Petition to Intervene (d/e 8) stricken.

Turning to the Petition to Intervene, Federal Rule of Civil Procedure 24(a) provides as follows: "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; . . . ." In the instant case, the Petition to Intervene is timely. Moreover, the Fair Housing Act provides an unconditional statutory right to intervene to aggrieved persons such as the Intervenors. See 42 U.S.C. § 3612(o)(2) ("Any aggrieved person with respect to the issues to be determined in a civil action under this

subsection may intervene as of right in that civil action."). The Court further notes that Defendants do not oppose intervention. See Motion to Strike, p. 2. Thus, the Petition to Intervene is allowed.

THEREFORE, Defendants' Motion to Strike Portions of the Petition to Intervene (d/e 16) is ALLOWED. Paragraphs 2 through 10 of the Petition to Intervene (d/e 8) are stricken. The Petition to Intervene is ALLOWED. The Court orders that David Emert, Kenneth De Vries by his guardian Michael Barham, Douglas Conover by his guardian Betty Conover, Cynthia Kellogg by her guardian Katherine Dressel, and Karen Knoedler by her guardian Janet Knoedler be added as plaintiff-intervenors in this litigation. The Complaint (d/e 9) submitted by plaintiff-intervenors in connection with their Petition to Intervene is now deemed filed. Defendants are directed to file an Answer to the Intervenor's Complaint on or before May 22, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:   May 1, 2006

FOR THE COURT:

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE