E-FILED
Thursday 12 April, 2007 11:02:09 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, <br><br> Plaintiff, <br><br> -vs- <br><br> FLEETWOOD CAPITAL DEVELOPMENT CORP., L.L.C. and LINDA E. HOWARD, as Executor of Estate of JOHN R. HOWARD, <br><br> Defendants. | No. 3:05-cv-03290-JES-BGC |

## CONSENT DECREE

### BACKGROUND

1.  The United States initiated this action to enforce the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* ("the Fair Housing Act" or "the Act"). In its Complaint, the United States alleges that Defendants Fleetwood Capital Development Corp., L.L.C. and John R. Howard discriminated on the basis of disability in violation of Sections 804(f)(1), (2), and 814(a) of the Act, 42 U.S.C. § 3604(f)(1), (2), and 3614(a), by refusing to negotiate or sell a dwelling, and discriminating in the terms and conditions of sale of a dwelling, on the basis that the dwelling would be the home of a group of persons with disabilities. Mr. Howard is now deceased, and has been substituted as a party by Linda E. Howard, in her capacity as Executor of Estate of John R. Howard.

2. The United States contends that, were this case to proceed to trial, the evidence would show that:

   a. Defendant Fleetwood Capital Development Corporation, L.L.C. ("Fleetwood") is an Illinois limited liability company formed in order to develop and sell the land in the Waterford subdivision located in the Village of Sherman in Sangamon County, Illinois, in the Central District of Illinois. Defendant Fleetwood does business in the Central District of Illinois.

   b. In and around the fall of 2003, Defendants were engaged in the sale of undeveloped lots located in the first phase, or first addition, of the Waterford Subdivision, in the Village of Sherman, Sangamon County, Illinois. Among the lots Defendants offered for sale in the fall of 2003 was Lot # 28, located in the first phase of the subdivision. The asking price for Lot # 28 was $38,500.

   c. Beginning on or about December 2, 2003, and continuing through December 16, 2003, Bethesda Lutheran Homes and Services ("Bethesda") made three separate cash offers to purchase Lot # 28 at Defendants' asking price of $38,500. None of the offers to purchase were contingent on approval by the Village zoning board to operate a group home. The offers to purchase were accompanied by architectural plans for a single-family dwelling to be constructed on the lot.

   d. Bethesda intended to house six developmentally disabled residents in the dwelling, including Douglas Conover, Kenneth DeVries, David Emert, Cynthia Kellogg, and Karen Knoedler;

   e. In correspondence and telephone calls to Defendants and/or their representatives

2

         that related to the offers to purchase, Bethesda informed Defendants that they intended to house six developmentally disabled residents in the single-family dwelling that they planned to construct on the lot. Bethesda also invited Defendants to tour one of its other group homes for persons with developmental disabilities if they had any questions or concerns.

f.      Beginning on or about December 2, 2003, and continuing until at least December 21, 2003, Defendants refused to consider Bethesda's offers or otherwise negotiate with Bethesda with respect to their offers.

g.     Defendants ultimately told Bethesda that they would not consider the offer to purchase until Bethesda obtained zoning approval from the Village. However, Defendants had accepted an offer to purchase a lot from another prospective owner in October 2003 even though the purchaser had not yet obtained necessary zoning approval and even though the offer was contingent on obtaining such approval.

h.     Bethesda pointed out to Defendants that their offer to purchase was not contingent on zoning approval, and that under the zoning code only an owner or contract purchaser could apply for a waiver or other action from the zoning board. Defendants nevertheless continued to refuse to consider Bethesda's offer.

i.      Defendants refused to accept, consider, and negotiate the terms of Bethesda's offers to purchase because of the handicaps of the prospective residents.

j.      In May 2004, Defendants sold Lot # 28 to a developer of single-family homes for $35,000, $3,500 less than the sum offered by Bethesda in December 2003.

  k.  Bethesda purchased a lot in another subdivision in the Village of Sherman. Douglas Conover, Kenneth DeVries, David Emert, Cynthia Kellogg, and Karen Knoedler, reside in the single-family dwelling Bethesda constructed on the lot.

3. Bethesda and five of the six developmentally disabled clients it sought to house separately filed complaints with the Department of Housing and Urban Development ("HUD"), and on September 21, 2005, HUD served its Charge of Discrimination, finding reasonable cause existed to believe that Defendants discriminated against Bethesda and the individual complainants on the basis of disability, in violation of 42 U.S.C. § 3604(f)(1) and (2).

4. On October 17, 2005 Respondents Fleetwood and John R. Howard made a timely election to have the claims resolved in federal court, pursuant to 42 U.S.C. § 3612(a). Subsequently, on October 24, 2005, the Secretary authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o)(1).

5. Douglas Conover, Kenneth DeVries, David Emert, Cynthia Kellogg, and Karen Knoedler intervened in this action and have since settled their claims by separate agreement with the Defendants. Their claims were dismissed pursuant to the agreement on November 30, 2006.

6. The United States and the Defendants desire to avoid costly and protracted litigation and have voluntarily agreed to resolve the United States' claims against the Defendant by entering into this Consent Decree.

4

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. GENERAL INJUNCTION

7. Defendants, and each of their officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with them, are enjoined from discriminating on the basis of disability as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f).

## II. SPECIFIC INJUNCTIVE RELIEF

8. The Defendants shall interpret the definition of "family" in any restrictive covenant that applies to the Waterford subdivision to include at least the same number of unrelated persons with disabilities allowed by Section 5-1-7 of the Village of Sherman Zoning Regulations. Defendants shall not seek to modify any such restrictive covenant in a manner that causes it to be more restrictive regarding the number of persons with disabilities who may constitute a family than the number allowed by Section 5-1-7 of the Village of Sherman Zoning Regulations.

## III. MONETARY DAMAGES

9. Within ten (10) days of the entry of this Decree, the Defendants shall pay compensatory damages to Bethesda Lutheran Homes and Services in the amount of $50,000. Payment shall be by certified check made payable to Bethesda Lutheran Homes and Services and delivered to counsel for the United States. Upon receipt, the United States shall forward the certified check to counsel for Bethesda.

## IV. CIVIL PENALTY

10. Within ten (10) days of entry of this Decree, Defendant Fleetwood Capital Development Corporation shall pay to the United States a civil penalty of ten thousand dollars ($10,000) to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C). The sum shall be paid by submitting to Counsel for the United States a check made payable to the "United States of America."

## V. NOTICE TO PERSONS RETAINED BY DEFENDANTS TO SELL REMAINING LOTS IN WATERFORD SUBDIVISION

11. If Defendants retain any real estate agent, broker, or other person to assist in the sale of any of the remaining lots they own in the Waterford Subdivision, they shall, at or before the time that the first services are provided, give a copy of this Decree to such agent, broker, or other person, and shall retain a copy of the letter of transmittal or other documentation showing that Defendants provided the Decree to such agent, broker, or other person.

## VI. REPORTING AND RECORD KEEPING

12. The Defendants shall prepare biannual compliance reports that detail all actions taken to comply with the terms of this Decree. The Defendant shall submit its first report to the United States within sixty (60) days after the entry of this Decree, and subsequent reports every six (6) months thereafter for the duration of the Decree, except that the final report shall be delivered to the United States not less than sixty (60) days prior to the expiration of the Decree.

13. The Defendant shall include the following information in the compliance reports:

    a.    A listing of all lots offered for sale by Defendants during the reporting period. If Defendants have not engaged in the offering of lots for sale, Defendants shall file a statement to that effect with counsel for the United States.

    b.    For each lot identified pursuant to paragraph 13(a): (i) the name, address, and telephone number of each person who offers to purchase the lot; (ii) the terms of the offer; (iii) whether the person making the offer proposes to use the property as a group home or residence for persons with disabilities; and (iv) the disposition of the offer, including the dates and terms of any counteroffer by either party.

    c.    A list of all persons whom Defendants have retained to assist in the sale of any of the remaining lots in the Waterford subdivision, together with a copy of the letter or documentation required by paragraph 11.

14.    Defendants shall advise the United States in writing within fifteen (15) days of receipt of any written administrative or legal fair housing complaint against any property owned or managed by Defendants, or against any employees or agents of Defendants working at or for any such property, regarding discrimination on the basis of disability, or regarding retaliation, in housing. Upon reasonable notice, Defendants shall also provide the United States all information it may request concerning any such complaint. Defendants shall also notify the United States in writing within fifteen (15) days of the resolution of any such complaint.

15.    Throughout the term of this Decree, the Defendants shall retain all records relating to implementation of all provisions of this Decree. The United States shall have the opportunity to inspect and copy any such records after giving reasonable notice to the

Defendants.

## VII. DURATION OF ORDER AND TERMINATION OF LEGAL ACTION

16. This Consent Order shall remain in effect for three (3) years after the date of its entry, except that the Defendants may move the Court to terminate it before that time if (a) they have sold all lots in the Waterford subdivision to third parties pursuant to arms length transactions and no longer have any ownership interest in any of the lots in the subdivision; and (b) they have submitted the biannual report for the period covering the last such sale to the United States in accordance with paragraphs 12-13. By consenting to entry of this Order, the United States and Defendants agree that in the event that Defendants engage in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

17. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of the Order, at which time the case shall be dismissed with prejudice. The United States may move the Court to extend the duration of the Consent Order in the interests of justice.

18. The United States and Defendants shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Order or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an

award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

## VIII. TIME FOR PERFORMANCE

19. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the United States and the relevant Defendants.

## IX. COSTS OF LITIGATION

20. Each party to this litigation will bear its own costs and attorney's fees associated with this litigation.

**IT IS SO ORDERED:**

This  12th  day of  April        , 2007.

                                                  s/ Jeanne E. Scott
                                                  _____
                                                  United States District Judge

For the United States:

| | |
|---|---|
| JAN PAUL MILLER<br>United States Attorney<br>Central District of Illinois | WAN J. KIM<br>Assistant Attorney General<br>Civil Rights Division |
| JAMES A. LEWIS<br>Assistant U.S. Attorney<br>318 South Sixth Street<br>Springfield, IL 62701<br>Phone: (217) 492-4450 | STEVEN H. ROSENBAUM<br>Chief, Housing and Civil<br>Enforcement Section<br>TIMOTHY J. MORAN<br>Deputy Chief<br>R. TAMAR HAGLER<br>Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. – G St.<br>Washington, DC 20530<br>Telephone: (202) 616-5617<br>Fax: (202) 514-1116 |

For Defendant Fleetwood Capital
Development Corporation:

*(signature)*

PAUL E. PRESNEY, SR.
Presney Kelly & Presney
726 S. Second Street
Springfield, IL 62704
Ph: 217-525-0016
fax: 217-525-0032

For Defendant Linda E. Howard, as
Executor of Estate of John R.
Howard:

*(signature)*

PAUL E. PRESNEY, SR.
Presney Kelly & Presney
726 S. Second Street
Springfield, IL 62704
Ph: 217-525-0016
fax: 217-525-0032